UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No: 12-CR-262 (JEB) |
| : | |
| STANDARD CHARTERED BANK, : | |
| : | |
| Defendant. : | |

## NOTICE ON CONSENT OF AMENDMENT TO DEFERRED PROSECUTION AGREEMENT

The United States Attorney's Office for the District of Columbia and the Asset Forfeiture and Money Laundering Section of the Criminal Division of the United States Department of Justice (collectively, the "United States" or the "government"), are hereby providing notice to this Court that, for the reasons set forth below, the government, with the consent of Standard Chartered Bank ("SCB"), is amending the Deferred Prosecution Agreement ("DPA") entered into with SCB on December 10, 2012. The Amendment extends the term of the DPA for an additional 36 months, from December 10, 2014 to December 10, 2017, and during this period requires that SCB retain an independent compliance monitor who will help to ensure SCB's implementation of an effective U.S. economic sanctions compliance program. As grounds therefore, the government states as follows:

1.   On or about December 10, 2012, the United States filed a criminal Information charging SCB with knowingly and willfully conspiring, in violation of Title 18, United States Code, Section 371, to engage in transactions with entities associated with sanctioned countries, including Iran, Sudan, Libya, and Burma, in violation of the International Emergency Economic Powers Act, Title 50, United States Code, Section 1705, and regulations issued thereunder ("IEEPA"). Information, United States v. Standard Chartered Bank, Dkt. Entry No. 1 (filed Dec. 10, 2012).

2. On the same date, the United States and SCB entered into a two-year DPA. Deferred Prosecution Agreement, United States v. Standard Chartered Bank, Dkt. Entry No. 2 (filed Dec. 10, 2012). The DPA required, among other things, that SCB and its employees acknowledge responsibility for their conduct, which included processing financial transactions by wire into and through the United States and U.S. financial institutions on behalf of Iranian banks and other countries subject to U.S. sanctions. Deferred Prosecution Agreement at Exhibit A [hereinafter Factual Statement]. The purpose of the DPA was to allow SCB to demonstrate its good conduct and implement remedial measures. As part of the DPA, SCB agreed to: (a) voluntarily self-report its conduct and cooperate in the investigation; (b) forfeit $227,000,000; (c) voluntarily terminate the conduct at issue in the DPA and attached Factual Statement; (d) demonstrate its future good conduct and full compliance with international Anti-Money Laundering and Combating Financing of Terrorism best practices and the Wolfsberg Anti-Money Laundering Principles for Correspondent Banking ("Wolfsberg Principles"); and (e) settle any and all civil and criminal claims currently held by the United States for any act within the scope of or related to the Factual Statement. Deferred Prosecution Agreement ¶ 4. Further, SCB agreed, as part of its cooperation with the government, to undertake the work necessary to further enhance and optimize its sanctions compliance programs. Factual Statement ¶¶ 107–08.

3. SCB has taken a number of steps over the past two years to comply with the requirements of the DPA and Factual Statement and to enhance and optimize its U.S. economic sanctions compliance program, including, but not limited to: forming a special board committee with responsibility for overseeing SCB's overall financial crime compliance program; implementing additional and more rigorous U.S. sanctions policies and procedures; hiring new senior leadership and staff in its legal and financial crime compliance functions; certifying that it has trained relevant employees on complying with U.S. economic sanctions laws and

regulations; and recently implementing additional measures to block payment instructions from countries subject to U.S. sanctions laws and regulations.

4. Nevertheless, SCB's U.S. economic sanctions compliance program has not yet reached the standard required by the DPA. Therefore, in order to fully comply with the DPA and the Factual Statement, SCB must make additional substantial improvements to its U.S. economic sanctions compliance program.

5. In addition, the government has obtained, and continues to obtain, new information related to possible historical violations of U.S. sanctions laws and regulations, which took place after the time specified in the Factual Statement (2001 to 2007). In general, the government learned through an unrelated investigation that SCB may have been unlawfully processing U.S. dollar transactions for corporate and individual customers with possible ties to U.S. sanctioned countries after 2007. In connection with these allegations, the government has conducted numerous interviews and expects to conduct more. Moreover, the government is analyzing over 3.7 million pages of documents and hundreds of recorded phone calls produced to the government by SCB. SCB is cooperating with the government's investigation into these matters. The government requires additional time to determine whether violations did in fact occur, and if so, whether those violations were committed willfully and what the result should be.

6. In consideration of the foregoing, the government has determined that the implementation of an independent compliance monitor and a 36-month extension of the DPA are necessary for SCB to demonstrate fulfillment of its obligations under the DPA and the Factual Statement. See Amendment to Deferred Prosecution Agreement; id. at Attachment A.

7. The Amendment of the DPA is not intended to constitute a final resolution of the inquiries described in paragraph 5.

8. SCB consents to this Notice and the accompanying Amendment of the DPA.

WHEREFORE, the United States respectfully provides this Court notice that the United States is extending the DPA for 36 months and requiring the implementation of an independent compliance monitor to ensure that SCB has an effective U.S. economic sanctions compliance program.

Respectfully submitted,

VINCENT H. COHEN, JR.
ACTING UNITED STATES ATTORNEY

By: *[signature]*
ALESSIO D. EVANGELISTA
District of Columbia Bar No. 456715

PETER C. LALLAS
New York Bar Registration No. 4290623
Assistant United States Attorneys
555 4th Street, NW
Washington, DC 20530
(202) 252-7247

LESLIE R. CALDWELL
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

By: *[signature]*
CLAIBORNE W. PORTER
New York Bar Registration No. 4037248
Acting Assistant Deputy Chief
Money Laundering and Bank Integrity Unit
Asset Forfeiture and Money Laundering Section
Criminal Division
United States Department of Justice
(202) 616-3240