UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

     :

      v.      :      Case No: 12-CR-262 (JEB)

     :

STANDARD CHARTERED BANK,      :

     :

     Defendant.      :

## AMENDMENT TO THE DEFERRED PROSECUTION AGREEMENT

Defendant Standard Chartered Bank ("SCB"), a financial institution registered and organized under the laws of England and Wales, by and through its attorneys, Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP, hereby enters into this Amendment to the Deferred Prosecution Agreement (the "Amendment") with the Asset Forfeiture and Money Laundering Section of the United States Department of Justice and the United States Attorney's Office for the District of Columbia (collectively, the "United States" or the "government").

This Amendment applies to the Deferred Prosecution Agreement (the "DPA" or the "Agreement") entered into between SCB and the United States, Deferred Prosecution Agreement, United States v. Standard Chartered Bank, Dkt. Entry No. 2 (filed Dec. 10, 2012), and is for the purpose of extending the DPA and incorporating the requirement of an independent compliance monitor.

The United States and SCB agree to amend the DPA as follows:

1. The fourth paragraph, sub-paragraph (i) of the DPA is amended to read:

> This Agreement is effective for a period beginning on the date on which the Information is filed, and ending 60 months from that date (the "Term"). SCB expressly waives any and all rights to a speedy trial pursuant to the Sixth

Amendment of the United States Constitution for the Term of this Agreement. Moreover, if necessary, SCB agrees: (1) to join the Government in seeking to exclude, pursuant to Title 18, United States Code, Section 3161(h)(2), the Term of this Agreement from the time within which trial of the offense charged in the Information must commence, for the purpose of allowing SCB to demonstrate its good conduct; and (2) to waive any rights to a speedy trial under Federal Rule of Criminal Procedure 48(b) and Local Criminal Rule 45.1 of the United States District Court for the District of Columbia.[1]

2. The addition of paragraph 18 to the DPA states:

SCB has agreed to retain an independent compliance monitor (the "Monitor") within sixty (60) calendar days of this Amendment, or promptly after the United States' selection as set forth below. In particular, within thirty (30) calendar days after the execution of this Amendment, and after consultation with the United States, SCB will propose to the United States a pool of three (3) candidates to serve as the Monitor. If the United States, in its sole discretion, is not satisfied with the proposed candidates, the United States reserves the right to seek additional proposed candidates from SCB. The Monitor candidates and/or his/her staff shall have, at a minimum, the following qualifications:

a.     demonstrated expertise with respect to U.S. economic sanctions laws and regulations;

---

[1] The material amendment to this paragraph is the change of the Term from 24 months to 60 months. The original version of the fourth paragraph, sub-paragraph (i) is:

This Agreement is effective for a period beginning on the date on which the Information is filed, and ending 24 months from that date (the "Term"). SCB expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution for the Term of this Agreement. Moreover, if necessary, SCB agrees: (1) to join the Government in seeking to exclude, pursuant to Title 18, United States Code, Section 3161(h)(2), the Term of this Agreement from the time within which trial of the offense charged in the Information must commence, for the purpose of allowing SCB to demonstrate its good conduct; and (2) to waive any rights to a speedy trial under Federal Rule of Criminal Procedure 48(b) and Local Criminal Rule 45.1 of the United States District Court for the District of Columbia.

b.   experience designing and/or reviewing corporate compliance policies, procedures and internal controls, including compliance policies, procedures and internal controls related to U.S. economic sanctions laws and regulations;

c.   the ability to access and deploy resources as necessary to discharge the Monitor's duties as described herein and Attachment A to the Notice of Amendment to the Deferred Prosecution Agreement ("Attachment A"); and

d.   sufficient independence from SCB to ensure effective and impartial performance of the Monitor's duties as described herein and Attachment A.

The United States retains the right, in its sole discretion, to accept or reject any Monitor candidate proposed by SCB, though SCB may express their preference(s) among the candidates.   In the event that the United States rejects all proposed Monitors, SCB shall propose another candidate(s) within ten (10) calendar days after receiving notice of the rejection.   This process shall continue until a Monitor acceptable to both parties is chosen.   The United States may also propose the names of qualified Monitor candidates for consideration.  The terms of the monitorship, as set forth in Attachment A, shall commence upon the United States' acceptance of a Monitor candidate proposed by SCB.  If the Monitor resigns or is otherwise unable to fulfill his or her obligations as set out herein and Attachment A, SCB shall within sixty (60) calendar days recommend a pool of three (3) qualified Monitor Candidates from which the United States will choose a replacement.

The Monitor will be retained by SCB for a period of not less than thirty-six (36) months from the date the Monitor is selected.   The term of the monitorship, including the circumstances that may support an extension of the term, as well as the Monitor's powers, duties, and responsibilities, will be set forth in Attachment A.

SCB agrees that it will not employ or be affiliated with the Monitor for a period of not less than one (1) year from the date on which the Monitor's term expires.

The Monitor's term shall be three (3) years from the date on which the Monitor is retained by SCB, subject to extension or early termination as described above.

3.      With the exceptions of the paragraphs above, all terms of the Agreement remain the same.

**Acknowledgement on behalf of Standard Chartered Bank**

I, Peter Sands, Chief Executive Officer, the duly authorized representative of Standard Chartered Bank, hereby expressly acknowledge the following: (1) that I have read this entire Amendment as well as the other documents filed herewith in conjunction with this Amendment; (2) that I have had an opportunity to discuss this Amendment fully and freely with Standard Chartered Bank's counsel, Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP; (3) that Standard Chartered Bank fully and completely understands each and every one of the terms of this Amendment; (4) that Standard Chartered Bank is fully satisfied with the advice and representation provided to it by its counsel, Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP; (5) that I am authorized, on behalf of Standard Chartered Bank, to enter into this Amendment; and (6) that Standard Chartered Bank has signed this Amendment knowingly and voluntarily.

_____                    _____December 8, 2014_____
Peter Sands                                         Date
Chief Executive Officer
Standard Chartered Bank

5

**Acknowledgement by Defense Counsel for Standard Chartered Bank**

We, Samuel W. Seymour and Theodore V. Wells, Jr., the attorneys representing Standard Chartered Bank, hereby expressly acknowledge the following: (1) that we have reviewed and discussed this Amendment with our client; (2) that we have explained fully each one of the terms of the Amendment to our client; (3) that we have answered fully each and every question put to us by our client regarding the Amendment; and (4) that we believe our client fully and completely understands all of the Amendment's terms.

By: _____          _____ December 8, 2014 _____

     Samuel W. Seymour, Esq.          Date
     Sullivan & Cromwell LLP


By: _____          _____ December 8, 2014 _____

     Theodore V. Wells, Jr., Esq.          Date
     Paul, Weiss, Rifkind, Wharton & Garrison LLP

**On behalf of the Government**

VINCENT H. COHEN, JR.
ACTING UNITED STATES ATTORNEY

By:    _____
ALESSIO D. EVANGELISTA
PETER C. LALLAS
Assistant United States Attorneys


LESLIE R. CALDWELL
ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

By:    _____
CLAIBORNE W. PORTER
Acting Assistant Deputy Chief
Money Laundering and Bank Integrity Unit