**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No: 12-CR-262 (JEB)** |
| | : | |
| **STANDARD CHARTERED BANK,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

**NOTICE ON CONSENT OF FOURTH AMENDMENT**
**TO DEFERRED PROSECUTION AGREEMENT**

The United States Attorney's Office for the District of Columbia and the Money

Laundering and Asset Recovery Section of the Criminal Division of the United States

Department of Justice (collectively, the "United States" or the "government"), hereby provide

notice that the government, with the consent of Standard Chartered Bank ("SCB"), is amending

the Deferred Prosecution Agreement ("DPA") entered into with SCB on December 10, 2012, and

amended on December 8, 2014, November 9, 2017, and July 27, 2018. This Fourth Amendment

extends the end of the term of the DPA from December 31, 2018 through March 31, 2019.

**BACKGROUND**

On December 10, 2012, the United States filed a criminal Information charging SCB with

knowingly and willfully conspiring, in violation of Title 18, United States Code, Section 371, to

engage in transactions with entities associated with sanctioned countries, including Iran, Sudan,

Libya, and Burma, in violation of the International Emergency Economic Powers Act, Title 50,

United States Code, Section 1705, and regulations issued thereunder ("IEEPA"). [Dkt. Entry

No. 1.]

On the same date, the United States and SCB entered into a DPA with a term of two

years. [Dkt Entry No. 2.] The DPA required, among other things, that SCB acknowledge

responsibility for its conduct, which included processing financial transactions by wire into and

through the United States and U.S. financial institutions on behalf of Iranian banks and other

countries subject to U.S. sanctions.  [Id. at Ex. A] (hereinafter, the "Factual Statement"). The

purpose of the DPA was to allow SCB to demonstrate its good conduct and implement remedial

measures. As part of the DPA, SCB agreed to: (a) voluntarily self-report its conduct and

cooperate in the investigation; (b) forfeit $227,000,000; (c) voluntarily terminate the conduct at

issue in the DPA and attached Factual Statement; (d) demonstrate its future good conduct and

full compliance with international Anti-Money Laundering and Combating Financing of

Terrorism best practices and the Wolfsberg Anti-Money Laundering Principles for

Correspondent Banking; and (e) settle any and all civil and criminal claims currently held by the

United States for any act within the scope of or related to the Factual Statement. Further, SCB

agreed, as part of its cooperation with the government, to undertake the work necessary to further

enhance and optimize its sanctions compliance programs.

On December 9, 2014, the parties filed a Notice on Consent of Amendment to Deferred

Prosecution Agreement [Dkt. Entry No. 8] and an Amendment to the Deferred Prosecution

Agreement [Dkt. Entry No. 8-1] (hereinafter, the "2014 DPA Amendment"), which extended the

expiration of the DPA from December 10, 2014, to December 10, 2017, and incorporated the

requirement of an independent compliance monitor pursuant to the parties' Independent

Compliance Monitor Agreement [Dkt. Entry No. 8-2] (hereinafter, the "Monitor Agreement").

On July 28, 2015, with the consent of the United States, SCB engaged Navigant

Consulting, Inc. to serve as the independent compliance monitor (the "Monitor") under the 2014

DPA Amendment. The term of the monitorship initially ran through July 28, 2018, which is 36

months from the date of the Monitor's engagement; however, on July 27, 2018, the parties

agreed that the term of the monitorship would be extended to December 31, 2018. The Monitor

is required to submit annual reports certifying (a) whether SCB's compliance program, including

its policies and procedures, is reasonably designed and implemented to detect and prevent

violations of U.S. sanctions laws within SCB, and (b) whether SCB is implementing and

adhering to the remedial measures set forth in the DPA and the Factual Statement.

On November 9, 2017, the parties filed a Notice on Consent of Second Amendment to

Deferred Prosecution Agreement [Dkt. Entry No. 10] and a Second Amendment to Deferred

Prosecution Agreement [Dkt. Entry No. 10-1], which extended the expiration of the DPA from

December 10, 2017, to July 28, 2018 in order to be coterminous with the expiration of the term

of the independent compliance monitorship.

On July 27, 2018, the parties filed a Notice on Consent of Third Amendment to Deferred

Prosecution Agreement [Dkt. Entry No. 11] and a Third Amendment to Deferred Prosecution

Agreement [Dkt. Entry No. 11-1], which extended the expiration of the DPA from July 28, 2018

to December 31, 2018 and also extended the term of the independent compliance monitor from

July 28, 2018 to December 31, 2018.

## THE FOURTH AMENDMENT

SCB has taken a number of steps and made significant progress to comply with the

requirements of the DPA and Factual Statement and to enhance and optimize its U.S. economic

sanctions compliance program, including, but not limited to: forming a special board committee

with responsibility for overseeing SCB's overall financial crime compliance program;

implementing additional and more rigorous U.S. sanctions policies and procedures, including

numerous controls recommended by the Monitor; hiring new senior leadership and staff in its

legal and financial crime compliance functions; certifying that it has trained relevant employees

on complying with U.S. economic sanctions laws and regulations; implementing additional

measures to block payment instructions from countries subject to U.S. sanctions laws and regulations; providing compliance training programs for SCB's global correspondent banking clients; upgrading its customer due diligence, transaction screening, and other compliance tools and technology; and improving its ability to assess and measure its sanctions compliance risk, to ensure its U.S. economic sanctions compliance program is effective.

Nevertheless, the government requires further time to determine whether SCB has fulfilled its obligations under the DPA and the Factual Statement.

In addition, the government continues to investigate possible historical violations of U.S. sanctions laws and regulations, which took place after the time specified in the Factual Statement (2001 to 2007).  SCB is continuing to cooperate with the government's investigation.

In consideration of the foregoing, the government has determined that an additional extension of the term of the DPA and the term of the Monitor Agreement – from December 31, 2018, through March 31, 2019 – is necessary for the government to determine whether SCB has fulfilled its obligations under the DPA and the Factual Statement, and for the parties to reach a resolution of the government's pending investigation of SCB's possible historical violations of U.S. sanctions laws and regulations after 2007. The parties believe it is appropriate and in the interest of justice to maintain this DPA in effect until that resolution is reached.

This Fourth Amendment of the DPA is not intended to constitute a final resolution of the above-described investigation, and no promises have been made by the United States to SCB or by SCB to the United States regarding a resolution of that investigation.

SCB consents to this Notice and the accompanying Fourth Amendment to the DPA.

WHEREFORE, the United States respectfully provides this Court notice that the United States is extending the term of the DPA from December 31, 2018, through March 31, 2019.

4

Respectfully Submitted,

BRIAN A. BENCZKOWSKI
ASSISTANT ATTORNEY GENERAL

By: _____
Deborah L. Connor
Chief
Money Laundering and Asset Recovery Section
D.C. Bar No. 452414
(202) 514-1263

JESSIE K. LIU
UNITED STATES ATTORNEY

By: _____
Alessio D. Evangelista
Principal Assistant United States Attorney
D.C. Bar No. 456715
(202) 252-6620

By: _____
Jennifer L. Wine
D.C. Bar No. 976005
Trial Attorney, Bank Integrity Unit
Money Laundering and Asset Recovery Section
1400 New York Ave., NW
Washington, DC 20005
(202) 616-2595

By: _____
Peter C. Lallas
New York Bar No. 4290623
Michael Friedman
New York Bar No. 4297461
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6765 (Friedman)
(202) 252-6879 (Lallas)

5